**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD DABNEY (#210594)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-910-JWD-SDJ** |
| **SECRETARY JAMES LEBLANC, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 6, 2023.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD DABNEY (#210594)**                                               **CIVIL ACTION**

**VERSUS**

**SECRETARY JAMES LEBLANC, ET AL.**                          **22-910-JWD-SDJ**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss (R. Doc. 4) filed on behalf of Defendant James LeBlanc. The Motion is opposed. *See* R. Doc. 6.

The *pro se* Plaintiff, an inmate formerly incarcerated at Louisiana State Penitentiary, filed this proceeding in state court, asserting that his state and federal constitutional rights were violated when his property was lost when he was being transferred to another facility and because he was not fully compensated for his lost property. He also asserts a state law claim for negligence. He seeks monetary relief. On November 23, 2022, this matter was removed from state court, and the instant Motion was subsequently filed.

Defendant first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claims against him in his official capacity. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh

Amendment. *Id*. at 25. Accordingly, to the extent Plaintiff may be asserting claims against Defendant LeBlanc in his official capacity for monetary damages, any such claims are subject to dismissal.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendant next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro*

*se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, a court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

## Plaintiff's Allegations

In his Complaint, as amended, Plaintiff alleges the following: On January 19, 2021, Plaintiff was transferred from Louisiana State Penitentiary to Allen Correctional Center. Prior to the transfer, a Personal Property Inventory was prepared, listing all Plaintiff's property that was to be transferred to Allen Correctional Center. Upon transfer, a significant amount of Plaintiff's property was missing.

On April 13, 2021, Plaintiff filed a Lost Property Claim. His claim was determined to be meritorious, and Plaintiff was offered "state issue items" as replacements at the first step of his claim, then reimbursement in the amount of $50.00 at the second step. The actual cost of the items lost totals $480.59.

## Qualified Immunity

In response to Plaintiff's allegations, Defendant asserts that he is entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly

violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion should be granted, in part. Plaintiff's allegations, accepted as true, fail to state a claim against Defendant LeBlanc under the federal constitution. Plaintiff's state law claims should be remanded back to the state court.

### Deprivation of Property

Whether intentional or negligent, the "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the alleged negligence or intentional torts committed by public officials. *See* Louisiana Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee,* 951 F.2d 638 (5th Cir. 1992). Because Plaintiff has available post-deprivation remedies through the state courts, his claim based on the alleged taking of his personal property fails to state a claim under *Hudson.*

### Supplemental Jurisdiction

With regards to Plaintiff's post-deprivation remedies he is seeking pursuant to state law, in deciding whether to exercise supplemental jurisdiction, the court should consider judicial

economy, convenience, fairness, and comity. *See Enochs v. Lampass Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). Judicial economy favors remand: (1) when the district court has devoted "hardly any federal resources, let alone a significant amount of resources" to the state law claim at the time the federal law claims were dismissed, and (2) when neither party would be subjected to duplicative "research, discovery, briefing, or other trial preparation work, because little has been done at that point." *Id.* Convenience points to remand when "all of the parties, witnesses, and evidence" are located within the jurisdiction of the same state court. *Id.* Likewise, it is fair to have purely Louisiana claims heard in a Louisiana state court, and there is nothing to suggest that any party would be prejudiced by remand. *Id.* at 160. Comity recognizes that federal courts are courts of limited jurisdiction and "are not as well equipped for determinations of state law as are state courts." *Id.*

Here, all the factors weigh in favor of remanding the remaining state law claims. First, minimum federal resources have been devoted to the matter. There is no scheduling order in place, no trial date has been set, and this case has not moved past the pleading stage. Second, neither party will be subjected to duplicative work, as no discovery has been completed in the matter. With respect to convenience, all parties are citizens of Louisiana, and because the events surrounding the matter occurred in Louisiana, all witnesses and evidence are likely located in Louisiana. Finally, for obvious reasons, fairness points to remand as the remaining claims are made pursuant to Louisiana law, and therefore, a Louisiana court is better equipped to adjudicate the matter.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss (R. Doc. 4) be granted, in part, dismissing Plaintiff's § 1983 claims against Defendant LeBlanc, with

prejudice. It is further recommended that the Court decline to exercise supplemental jurisdiction and that Plaintiff's state law claims be remanded to the 20th Judicial District Court for the Parish of West Feliciana.

Signed in Baton Rouge, Louisiana, on July 6, 2023.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**